| | |
|---|---|
| 1 | PAUL N. TAUGER (SBN 160552) |
| 2 | **APOGEE LAW GROUP** |
|   | 2020 Main Street, Suite 600 |
| 3 | Irvine, CA 92614 |
| 4 | Telephone: 949-851-5000 |
|   | Facsimile: 949-608-9089 |
| 5 | E-mail: ptauger@apogeelawgroup.com |
| 6 | |
| 7 | DEVON ZASTROW NEWMAN, *pro hac vice pending* |
|   | **SCHWABE, WILLIAMSON & WYATT, P.C.** |
| 8 | 1211 SW 5th Ave., Suite 1900 |
|   | Portland, OR  97204 |
| 9 | Telephone: 503-222-9981 |
| 10 | Facsimile: 503-796-2900 |
|   | E-mail: dnewman@schwabe.com |
| 11 | |
| 12 | Attorneys for Plaintiff |
|   | Shane Chen |

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHANE CHEN, a Washington resident, | Case No.: 2:15-cv-4562 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | DEMAND FOR JURY TRIAL |
| SOIBATIAN CORPORATION, dba IO HAWK and dba SMART WHEELS, a California corporation, | |
| Defendant. | |

## **COMPLAINT**

Plaintiff Shane Chen ("Mr. Chen") brings this Complaint for patent infringement against Defendant Soibatian Corporation, dba IO HAWK and dba Smart Wheels (hereafter "Soibatian") and alleges as follows:

---

COMPLAINT FOR PATENT INFRINGEMENT                                              CASE NO.: 2:15-cv-4562

PDX\126164\202206\DZN\15732460.1

**NATURE OF THE ACTION AND THIS COURT'S JURISDICTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §101 *et seq,* and specifically §§271 and 281-285, alleging Defendant's infringement of U.S. Patent Number 8,738,278 (the "'278 Patent"), entitled "TWO-WHEEL, SELF-BALANCING VEHICLE WITH INDEPENDENTLY MOVABLE FOOT PLACEMENT SECTIONS." A copy of the '278 Patent is attached as Exhibit 1.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Soibatian Corporation, dba IO HAWK and dba Smart Wheels because Soibatian Corporation is incorporated in this district and accordingly has continuous and systematic business and commercial contacts with this judicial district. Soibatian has registered with the State of California to conduct business and has designated an agent for service of process within the Western Division of this judicial district. Mr. Chen's claims for relief arise out of Soibatian's patent infringement in this district, among other parts of the United States. Soibatian has purposefully availed itself of the benefits and protections of California's laws such that it should reasonably anticipate being haled into court here.

4. Venue is proper in the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1391(d) and § 1400(b).

**PARTIES**

5. Plaintiff Shane Chen is a resident of Camas, Washington, and an innovator of sports-related products that are genuinely new, fun to use, and add an element of fitness at the same time. To date, Mr. Chen has patented thirty-seven inventions, including the vehicle covered by the '278 Patent.

6. Soibatian Corporation, dba IO HAWK and dba Smart Wheels ("Soibatian") is a California corporation with a principal place of business in

1 Glendale, California. Upon information and belief, Soibatian Corporation is owned in
2 whole or in part by John Soibatian. Upon information and belief, Soibatian imports,
3 offers to sell, and sells in and from the United States a two-wheel self-balancing
4 vehicle with independently movable foot placement sections under the trademark
5 IO HAWK ("the IO HAWK product", or "the infringing product").

### FACTUAL BACKGROUND

7. The United States Patent Office duly and lawfully issued the '278 Patent to Mr. Chen, in 2014. Mr. Chen is the inventor of and owns all right, title and interest in the '278 Patent.

8. The '278 Patent is directed to and claims a personal vehicle with two wheels as shown in Figure 1 below:



Unlike a skateboard, this innovative vehicle travels in the direction of the wheels, providing the viewer improved visibility and the advantage of mechanized power. The patented vehicle employs sensors to accept position data from the user and to provide self-balancing ability; when the user tips forward to signal the direction

of his/her desired movement, the sensors translate the position data to drive motor signals within the vehicle, while also maintaining a balanced position for the user's stability and comfort.

9. Mr. Chen offers a product made under the '278 Patent, called "The Hovertrax", through his company Inventist, Inc. ("Inventist"). Photographs of the Hovertrax from the www.inventist.com website are shown below:





10. Soibatian sells a two-wheeled self-balancing transport vehicle under the brand name "IO HAWK." A representative photograph of the IO HAWK Product from the www.iohawk.com website is shown below:

4

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.: 2:15-cv-4562

PDX\126164\202206\DZN\15732460.1



11. Soibatian has advertised the IO HAWK product on the Internet at www.iohawk.com, on television, on YouTube, and at consumer trade shows including the International Consumer Electronics Show ("CES") in Las Vegas, Nevada in January 2015.

12. At the CES trade show, representatives from Inventist inspected the IO HAWK Product and advised John Soibatian of Soibatian Corporation that the IO HAWK Product infringed the '278 Patent. Representatives from Inventist showed Mr. Soibatian the '278 Patent. Accordingly, Soibatian has had actual notice of Inventist's claim of infringement since on or about January 9, 2015. Soibatian denied infringement.

13. On January 22, 2015, counsel for Inventist and Mr. Chen sent Soibatian a detailed letter explaining how the IO HAWK product infringed the '278 Patent, and requested that Soibatian cease and desist the infringing acts. Upon information and belief, both the notice at the CES trade show and the letter notice of January 22nd were prior to Soibatian's first sale of an infringing IO HAWK device. Yet, despite this notice and explanation, Soibatian began to sell the IO HAWK product in approximately February 2015 and has continued to infringe since that time, including expanding promotion of the infringing IO HAWK product.

14. A person that imports, sells or offers to sell the IO HAWK device directly infringes at least claim 1 of the '278 Patent.

15. A person using the IO HAWK device directly infringes at least claim 1 of the '278 Patent.

**COUNT I –INFRINGEMENT
OF UNITED STATES PATENT NO. 8,738,278
AGAINST DEFENDANT SOIBATIAN**

16. Mr. Chen re-alleges and incorporates by reference the allegations of paragraphs 1-15 as if fully set forth herein.

17. Soibatian directly infringes at least claim 1 of the '278 Patent, literally and under the doctrine of equivalents, by its past and present importation, sale and offers to sell the IO HAWK product, in violation of 35 U.S.C. §§ 271.

18. Mr. Chen has not licensed or otherwise authorized Soibatian to import, sell, or offer to sell the IO HAWK or any two-wheel self-balancing vehicle with independently movable foot placement sections covered by the '278 Patent and Soibatian's conduct is, in every instance, without Mr. Chen's consent.  Since Soibatian's first actual knowledge of the '278 Patent, every act of infringement has been willful and without regard to Mr. Chen's rights.

19. Mr. Chen is entitled to recover from Soibatian the damages he has sustained as a result of Soibatian's wrongful acts in an amount subject to proof at trial, and in any event not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20. Soibatian's infringement of the '278 Patent will continue to cause Mr. Chen irreparable injury and damage for which there is no adequate remedy at law unless and until Soibatian is enjoined from infringing the '278 Patent.

21. This is an exceptional case under 35 U.S.C. § 285, and Mr. Chen is entitled to enhanced damages, attorneys' fees and litigation expenses incurred.

## COUNT II – INDUCEMENT TO INFRINGE
## UNITED STATES PATENT NO. 8,738,278
## AGAINST DEFENDANT SIOBATIAN

22. Mr. Chen re-alleges and incorporates by reference the allegations of paragraphs 1-15 and 17-21.

1. Soibatian has actively induced infringement of at least claim 1 of the '278 Patent.

2. Soibatian markets, through at least its website, tradeshows, a YouTube video, and multiple television promotions, the IO HAWK personal transportation device. Soibatian has had knowledge of the '278 Patent since before its first sale of an IO HAWK device.

3. Soibatian knows that the IO HAWK device is covered by at least claim 1 of the '278 Patent. Hence, every sale of the IO HAWK device by Soibatian has been made with actual knowledge of each infringement of the '278 Patent and with willful disregard to Mr. Chen's patent rights.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Chen respectfully requests that the Court enter judgment in his favor against Soibatian, granting the following relief.

a. A judgment that Soibatian has willfully infringed and/or induced infringement of the '278 Patent literally and/or under the doctrine of equivalents;

b. A judgment and decree pursuant to 35 U.S.C. § 283, permanently enjoining Soibatian and its agents, servants, officers, directors, employees, affiliated entities, and all persons in active concert or participation with it from further acts of infringement of the '278 Patent;

c. A judgment awarding to Mr. Chen damages adequate to compensate Mr. Chen for Soibatian's acts of infringement of the '278 Patent and in no event less than a reasonable royalty for Soibatian's acts of

infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law and enhanced damages pursuant to 35 U.S.C. § 284;

  d. A judgment that this is an exceptional case and an award to Mr. Chen of his costs and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

  e. A post-verdict and post-judgment accounting for any infringement of the '278 Patent not otherwise covered by a damages award and the requested injunctive relief; and

  f. Such other and further relief as the Court may deem just and proper under the circumstances.

Dated: June 16, 2015   **APOGEE LAW group**

By: /s/ Paul N. Tauger
  Paul N. Tauger, SNB #160552
  ptauger@apogeelawgroup.com
  2020 Main Street, Suite 600
  Irvine, CA 92614
  Telephone: 949.851.5000
  Facsimile: 949.608.9089

  Devon Zastrow Newman
   dnewman@schwabe.com
  **Schwabe, Williamson & Wyatt, P.C.**
  1211 S.W. 5th Avenue, Suite 1900
  Portland, OR 97204
  Telephone: 503.222.9981
  Facsimile: 503.796.2900

  Attorneys for Plaintiff
  Shane Chen

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mr. Chen respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Dated: June 16, 2015

**APOGEE LAW GROUP**

By: /s/ Paul N. Tauger
Paul N. Tauger, SNB #160552
ptauger@apogeelawgroup.com
2020 Main Street, Suite 600
Irvine, CA 92614
Telephone: 949.851.5000
Facsimile: 949.608.9089

Devon Zastrow Newman
dnewman@schwabe.com
**Schwabe, Williamson & Wyatt, P.C.**
1211 S.W. 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Plaintiff
Shane Chen