UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04562 JAK (JPRx) | Date | June 22, 2023 |
|---|---|---|---|
| Title | Shane Chen v. Soibatian Corp., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION (DKT. 165) AND REQUEST FOR RULING WITHOUT ORAL ARGUMENT (DKT. 167)**

**I. Introduction**

Shane Chen ("Plaintiff") filed a Motion for Default Judgment and Permanent Injunction against Soibatian Corporation, dba IO Hawk and dba Smart Wheels ("Defendant") ("Motion," Dkt. 165). Plaintiff seeks the following relief: (1) a finding that Defendant has infringed U.S. Patent No. 8,738,278 (the "'278 Patent"); (2) a finding that Plaintiff is entitled to damages; (3) limited discovery to determine appropriate damages; (4) a finding that Defendant's infringement was willful; (5) a finding that this case is exceptional; (6) an award of attorney's fees and costs, and (7) an injunction. Dkt. 165 at 7. Plaintiff filed a Reply stating that no opposition was filed. Dkt. 166.

Based on a review of the briefing, it was determined that the issues presented are appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Therefore, the matter was taken under submission. Dkt. 168. For the reasons stated in this Order, the Motion is **GRANTED-IN-PART and DENIED-IN-PART**. Plaintiff's request for ruling without oral argument (Dkt. 167) is **MOOT**.

**II. Background**

The Complaint alleges that Defendant directly and indirectly infringes the '278 Patent. *See* Compl., Dkt. 1. The '278 Patent is "directed to and claims a personal vehicle with two wheels." *Id.* ¶ 8. The Complaint alleges that Defendant "sells a two-wheeled self-balancing transport vehicle under the brand name 'IO HAWK'" that infringes at least Claim 1 of the '278 Patent. *Id.* ¶¶ 17-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04562 JAK (JPRx) | Date | June 22, 2023 |
|---|---|---|---|
| Title | Shane Chen v. Soibatian Corp., et al. | | |

In June 2015, after Plaintiff filed and served the Complaint, Defendant failed to appear. *See* Dkt. 17. Following Plaintiff's request for entry of default, the Clerk entered default and Plaintiff moved for default judgment. Dkts. 18, 20. Counsel for Defendant then appeared in the action, and filed a late opposition to that motion. Dkt. 27. Consequently, the default was set aside with conditions, including that Plaintiff could apply for an award of attorney's fees and costs incurred in connection with obtaining Defendant's default. Defendant filed an Answer to the Complaint on December 11, 2015. Dkt. 33.

The case was stayed for several years pending related ITC proceedings. During the stay, on July 12, 2022, Defendant's counsel filed an unopposed motion to withdraw. Dkt. 151. The motion was granted, and it was ordered that "any new counsel for Defendant shall enter an appearance on the docket of this action within 30 days." Dkt. 153. No new counsel for Defendant has appeared.

After 30 days passed, Plaintiff requested entry of default against Defendant. Dkt. 156. An Order To Show Cause was issued requiring Defendant to state why the answer should not be stricken based on Defendant's failure to obtain new counsel. Dkt. 158. Defendant did not respond. Thus, on December 23, 2022, an order issued providing that "Plaintiff's request for entry of default is APPROVED and may be granted by the Clerk." Dkt. 163. The Clerk then entered the default of Defendant, and Plaintiff filed its renewed Motion. *See* Dkts. 164, 165.

**III. Legal Standards**

Fe. R. Civ. P. 55 (b), authorizes a district court to grant default judgment after the Clerk of the Court enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Local Rule 55-1 requires the party seeking default judgment to file a declaration establishing the following: (1) when and against what party default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other similar fiduciary who has appeared; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice. L.R. 55-1.

Upon the Clerk's entry of default, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *See* Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). That the Clerk has entered default does not require the entry of a default judgment. Whether to do so is left to the sound discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). The Ninth Circuit has directed courts to consider several factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong public policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04562 JAK (JPRx) | Date | June 22, 2023 |
|---|---|---|---|
| Title | Shane Chen v. Soibatian Corp., et al. | | |

**IV. Discussion**

    A. Procedural Requirements

Plaintiff has satisfied the procedural requirements of Local Rule 55-1. The Clerk of the Court entered Default against Defendant on December 23, 2023. Dkt. 164. Defendant neither obtained counsel nor responded to the OSC concerning why Defendant's Answer should not be stricken. Plaintiff submitted a declaration from counsel stating that Defendant is not an infant or incompetent person, and that the Servicemembers Civil Relief Act does not apply. Dkt. 165-1, Declaration of Christopher Emch in Support of Plaintiff's Motion for Entry of Default Judgment and Permanent Injunction ("Emch Decl.") ¶¶ 6-7.

Under Rule 55(b)(2), "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2). Although Defendant previously appeared through counsel, after counsel withdrew, Defendant's failure to respond to the OSC or obtain new counsel has the same effect as failure to appear.[1] Nonetheless, to ensure fairness, Plaintiff is ordered to serve a copy of this Order on Defendant at its last known address

Based on this review, Plaintiff has satisfied Rule 55(b) and Local Rule 55-1.

    B. The *Eitel* Factors

        1. Possibility of Prejudice to Plaintiff

This factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. *See Pepsico, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff will be prejudiced if default judgment is denied. Given Defendant's unwillingness to obtain counsel and defend this action, denying default judgment would leave Plaintiff without recourse. Thus, the first *Eitel* factor weighs in favor of granting default judgment.

        2. Merits of Claim and Sufficiency of Complaint

The second and third *Eitel* factors consider the substantive merits of the claim and the sufficiency of the allegations in the Complaint. Notwithstanding the Clerk's entry of default, courts must determine if the facts alleged give rise to a legitimate cause of action because "claims [that] are legally insufficient . . . are not established by default." *See Cripps v. Life Ins. Co. of N. Am.*, 980

---

[1] The CM/ECF delivery receipt for the OSC reflects that a copy was mailed to Defendant at the address of its former counsel. *See* Dkt.158.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04562 JAK (JPRx) | | Date | June 22, 2023 |
|---|---|---|---|---|
| Title | Shane Chen v. Soibatian Corp., et al. | | | |

F.2d 1261, 1267 (9th Cir. 1992). To prevail on this factor, the plaintiff must properly allege the elements of the asserted causes of action and adequately plead the corresponding claims. *See PepsiCo*, 238 F. Supp. 2d at 1175-76.

Plaintiff alleges direct and indirect infringement of at least Claim 1 of the '278 Patent. *See* Compl. ¶¶ 17-18, 22. To prevail on its direct patent infringement claim, Plaintiff must show that Defendant "makes, uses, offers to sell, or sells any patented invention" in the United States without authority. 35 U.S.C. § 271(a). To allege such a claim, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quotation omitted) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Identifying accused products "by name and by attaching photos" and alleging "that the accused products meet each and every element of at least one claim" is sufficient to state a claim of infringement. *Disc Disease Sols.*, 888 F.3d at 1260.

Plaintiff's allegations, taken as true, establish that Defendant at least sells and offers to sell an infringing product without authority. *See* Compl. ¶ 10. Plaintiff provides photographs of the accused product, the IO Hawk, and attaches a copy of the '278 Patent. *Id.* ¶ 9-10. Thus, Plaintiff's allegations provide sufficient specificity concerning how the accused product purportedly infringes at least Claim 1 of the '278 Patent. Plaintiff has properly alleged the elements of direct patent infringement and has adequately pleaded its claim. Accordingly, the second and third *Eitel* factors weigh in favor of granting default judgment as to direct infringement.[2]

Plaintiff also argues that "the willfulness of Soibatian' infringement is deemed to be admitted." Dkt. 165 at 11. However, Plaintiff does not set forth the standard for willfulness or argue why Defendant's conduct, as alleged in the Complaint, meets that standard. *See, e.g.*, *Document Sec. Sys.*, 2018 WL 2422589, at *3 (C.D. Cal. Feb. 5, 2018) ("alleg[ing] knowledge and continued infringement" without "alleg[ing] facts suggesting that [the defendant's] conduct amounts to an egregious case[ ] of misconduct beyond typical infringement" insufficient to demonstrate willfulness) (internal quotations omitted). Accordingly, the finding that the Complaint sufficiently establishes the substantive merits of direct infringement does not extend to willfulness.

      3. Sum of Money at Stake

"[T]he amount of money at stake" must be balanced against "the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

---

[2] Plaintiff does not state that its indirect infringement claim is pleaded sufficiently. Therefore, this claim is dismissed without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04562 JAK (JPRx) | Date | June 22, 2023 |
|---|---|---|---|
| Title | Shane Chen v. Soibatian Corp., et al. | | |

Plaintiff seeks leave to conduct limited discovery concerning the amount of damages it will seek and does not provide a specific figure at this time. Dkt. 165 at 6. "Without an estimated number, the Court is unable to balance the amount of money at stake with the seriousness of Defendant's conduct. Accordingly, this factor does not weigh in favor of default judgment." *Oakley, Inc. v. Moda Collection, LLC*, No. SACV 16–160–JLS (JCGx), 2016 WL 7495835, at *6 (C.D. Cal. June 9, 2016). Given the lack of information concerning damages, the fourth *Eitel* factor is neutral.

4. Possibility of Dispute

"[T]he possibility of dispute as to any material facts in the case" must be examined. *PepsiCo*, 238 F. Supp. 2d at 1177. When the plaintiff's patent infringement complaint is well-pleaded, a dispute between the parties about material facts is "remote." *See id.* Because all well-pleaded facts in a complaint are taken as true upon entry of default, "no genuine dispute of material facts would preclude granting [the] motion." *Id.* (citation omitted).

As discussed, Plaintiff's claim for direct patent infringement is well-pleaded. By failing to retain new counsel, Defendant is deemed to have failed to appear, thereby admitting all material facts in the Complaint. Because Plaintiff's factual allegations are taken as true, and Defendant has failed to appear, no factual dispute exists that would preclude entry of default judgment. Thus, the fifth *Eitel* factor weighs in favor of entering default judgment. *See id.*

5. Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that default resulted from excusable neglect. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. It is unlikely that the default in this case resulted from Defendant's excusable neglect. Throughout this case, Plaintiff has served Defendant with the relevant documents, including a copy of the Motion. *See* Emch Decl. ¶ 8. Defendant failed to make an appearance after withdrawal of its attorneys, thereby resulting in the striking of Defendant's Answer. Dkt. 163. Defendant received adequate notice of this case and participated for some time, but has apparently elected not to participate further. Thus, the sixth *Eitel* factor weighs in favor of granting default judgment.

6. Policy Favoring Resolution on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The enactment of Rule 55(b) provides that "this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible"). Because Defendant failed to defend this action and comply with the OSC, the policy favoring decisions on the merits does not preclude entry of default judgment. *Vogel*, 992 F. Supp. 2d at 1013. Thus, the seventh *Eitel* factor is neutral.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04562 JAK (JPRx) | Date | June 22, 2023 |
|---|---|---|---|
| Title | Shane Chen v. Soibatian Corp., et al. | | |

### 7. Conclusion Regarding *Eitel* Factors

Balancing the *Eitel* factors demonstrates that they favor entering default judgment. Only the fourth and seventh factors are neutral; all other factors weigh in favor of granting default judgment. Therefore, Plaintiff's motion is **GRANTED** and default judgment will be entered against Defendant on Plaintiff's direct patent infringement claim.

### C. Other Requested Relief

Plaintiff seeks the following monetary and injunctive relief:

1. A permanent injunction against Defendant barring further acts of infringement;
2. Monetary damages in an amount no less than a reasonable royalty;
3. Attorney's fees under 35 U.S.C. § 285; and
4. A post-judgment accounting.

Compl., Prayer at 7.

### 1. Permanent Injunction

Plaintiff seeks an injunction against Defendant to bar its "future sales" of the accused products. Dkt. 165 at 2. To determine whether an injunction is appropriate in the connection with a patent infringement action, courts analyze the following four factors: (1) whether the patent owner has suffered an irreparable injury; (2) whether remedies available at law are inadequate to compensate for that injury; (3) whether a remedy in equity is warranted considering the balance of hardships between the plaintiff and the defendant; and (4) whether the public interest would be disserved by a permanent injunction. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Plaintiff argues that it is suffering an irreparable injury in the form of ongoing infringement. Dkt. 165 at 9 ("even if lost profits or a royalty were adequate, they are impossible to calculate with a Defendant not appearing to provide any sales information on which those remedies could be Calculated"). Thus, even if monetary damages may provide sufficient compensation for past infringement, Defendant's refusal to participate in this litigation supports finding that such damages may be inadequate to prevent future harm. *See, e.g., Belks Media v. OnlineNIC*, 2010 WL 7786122, at *4 (N.D. Cal. Aug. 23, 2010) (monetary damages inadequate because of party's ongoing infringement and "no indication that [party] will not infringe in the future as it has chosen not to participate in this litigation").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04562 JAK (JPRx) | Date | June 22, 2023 |
|---|---|---|---|
| Title | Shane Chen v. Soibatian Corp., et al. | | |

Monetary damages may also be inadequate if Defendant is unable to satisfy any judgment and Plaintiff is forced to file further pleadings to seek relief. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1220 (C.D. Cal. 2007) ("[a] legal remedy is inadequate if it would require a multiplicity of suits") (internal quotations omitted). Defendant's failure to appear and its refusal to communicate suggest that this scenario is likely. Therefore, equitable relief is warranted.

The balance of hardship tips in Plaintiff's favor since "[t]here is no hardship to a defendant when a permanent injunction would merely require the defendant to comply with law." *Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd.*, 2014 WL 4679001, at *13 (C.D. Cal. Sept. 18, 2014).

An injunction also comports with the public interest since it "would protect Plaintiff's federally protected rights, which is in the public interest, and would have no adverse effect on the public." *Id.*

Because all four *eBay* factors weigh in favor of Plaintiff. A permanent injunction is **GRANTED** against Defendant. Within 14 days of the entry of this Order, Plaintiff shall lodge a Proposed Permanent Injunction. It will then be reviewed.

2. Monetary Damages and Limited Discovery

Plaintiff has requested "damages adequate to compensate [Plaintiff] for [Defendant's] acts of infringement of the '278 Patent and in no event less than a reasonable royalty." Compl. at 7. Plaintiff also requests pre-judgment and post-judgment interest and an accounting. *Id*. at 8.

Section 284 of the Patent Act provides: "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. To obtain lost profits, a plaintiff "must show a reasonable probability that, 'but for' the infringement, it would have made the sales that were made by [Defendant]." *See Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995). This showing may be accomplished when a plaintiff establishes the *Rite-Hite* factors: "(1) demand for the patented product; (2) absence of acceptable non-infringing substitutes; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of profit it would have made." *See id.*

Because discovery was not conducted in this case, Plaintiff is unable to present evidence concerning damages. Thus, Plaintiff requests an order "allow[ing] it to compel discovery against [Defendant] to establish [Defendant's] sales and profit information for the time in question so as to determine what amount [Defendant] owes Plaintiff." Dkt. 165 at 6. Plaintiff states that the "total amount of damages . . . cannot be calculated with certainty without discovery and a hearing." *Id.* at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04562 JAK (JPRx) | Date | June 22, 2023 |
|---|---|---|---|
| Title | Shane Chen v. Soibatian Corp., et al. | | |

It is well-established that a plaintiff must independently "prove-up" the amount of damages sought in the complaint. *Geddes*, 559 F.2d at 560. Plaintiff's request for leave to conduct limited discovery as to alleged damages is **GRANTED**.

Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f) ... [unless] authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Further, Rule 55(b)(2) provides that "[t]he court may conduct hearings or make referrals ... when, to enter or effectuate judgment, it needs to: ... (B) determine the amount of damages; ... or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

Based on these rules, courts have permitted discovery to determine the appropriate amount of damages after entry of default judgment. *See Alstom Power, Inc. v. Graham*, No. 3:15–cv–174, 2016 WL 354754, at *3 (E.D. Va. Jan, 27, 2016) (collecting cases and allowing the plaintiff to "engage in discovery limited to ascertaining the existence and amount of damages for its three causes of action."); *Tristrata Tech., Inc. v. Medical Skin Therapy Research, Inc.*, 270 F.R.D. 161, 163 (D. Del. 2010) (plaintiff was "granted leave to conduct discovery on the issue of damages" after the entry of default against the defendant); *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788, 790–91 (E.D. Mich. 2004) (granting motion for default judgment as to liability only, and ordering limited discovery "with respect to the amount of damages and attorney fees to be assessed" against defendants in default).

For these reasons, in connection with entry of default judgment of direct infringement, Plaintiff's request for leave to engage in limited discovery to determine the existence and amount of damages is **GRANTED**. Plaintiff may also seek leave to conduct an accounting. Plaintiff's other damages-related requests for relief are **DENIED WITHOUT PREJUDICE** to renewal upon a sufficient evidentiary showing. Plaintiff may file a renewed damages motion supported by evidence after conducting this limited discovery. The entry of the default judgment will be deferred pending the completion of that process, or a showing that Defendant has failed to comply with its discovery obligations without good cause.

3. Exceptional Case and Attorney's Fees and Non-Taxable Costs

Plaintiff seeks a finding that this case is exceptional, which would entitle Plaintiff to an award of its reasonable attorney's fees and non-taxable costs. For the reasons set forth below, the case is not deemed exceptional and the request for fees is **DENIED**.

Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "An exceptional case is one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-04562 JAK (JPRx) | Date | June 22, 2023 |
|---|---|---|---|
| Title | Shane Chen v. Soibatian Corp., et al. | | |

Plaintiff asserts that this case is exceptional, because "the willfulness of Soibatian' infringement is deemed to be admitted," and "Soibatian initially failed to respond or appear, persisted in infringing the patent, and most recently failed to have counsel appear to defend it in this case as required by the Court's Orders." Dkt. 165 at 10-11. If adopted, this would be inconsistent with the title of the requested relief. Thus, it would make all default cases exceptional ones. Although Defendant has failed to appear at various points, this does not make the case stand out from other cases. For these reasons, the standard under § 285 has not been met.

**V. Conclusion**

For the reasons stated in this Order, Plaintiff's Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Motion is granted and default judgment will be entered on Plaintiff's direct patent infringement claim. The Motion is denied as to indirect infringement and willfulness. The request for a permanent injunction against Defendant is **GRANTED**. Within 14 days of the issuance of this Order, Plaintiff shall file a Proposed Judgement and Permanent Injunction. Plaintiff shall also serve a copy of this Order on Defendant at its last known address.

Plaintiff's request for monetary damages is **DENIED WITHOUT PREJUDICE** to renewal after Plaintiff completes the requested discovery. Plaintiff's requests for leave to conduct damages discovery and for an accounting are **GRANTED**. Plaintiff's requests for a finding that this case is exceptional and for attorney's fees and non-taxable costs under 35 U.S.C. § 285 are **DENIED**.

Within 45 days of the issuance of this Order, Plaintiff shall file a report on the status of discovery, and the proposed schedule for filing any request for an award of a specific amount of damages and costs. If the Plaintiff has filed such a request prior to the 45-day deadline, no such report is required. Instead, Plaintiff shall file a notice of the renewed request, together with a proposed judgment.

**IT IS SO ORDERED**.

                                                                                                       : 

Initials of Preparer